CRIS C. VAUGHAN, SBN 99568
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: 916-660-9401
Facsimile: 916-660-9378

Attorneys for Pravin Patel; Naina Patel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mikel Harris**, <br><br> Plaintiff, <br><br> v. <br><br> **JT Hospitality, Inc. dba Days Inn & Suites Santa Cruz; Pravin Patel; Naina Patel; Wyndham Worldwide, Inc.**; and Does 1-10, inclusive <br><br> Defendants. | Case No. 5:16-cv-04392-BLF <br><br> **ANSWER OF PRAVIN PATEL AND NAINA PATEL TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants, Pravin Patel ("P. Patel") and Naina Patel ("N. Patel") (collectively "Defendants") by and through their undersigned attorney hereby submit their Answer to the Complaint of Plaintiff Mikel Harris filed on August 4, 2016, and state as follows:

**INTRODUCTION**

1. As to Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

2. As to Paragraph 2, Defendants deny the allegations of this Paragraph of the Complaint.

3. As to Paragraph 3, Defendants deny the allegations of this Paragraph of the Complaint.

## JURISDICTION

4. As to Paragraph 4, Defendants admit the Court has jurisdiction pursuant to 28 USC §1331 but deny the court should exercise supplemental jurisdiction. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## VENUE

5. As to Paragraph 5, Defendants admit venue is proper to the extent the events alleged in the Complaint occurred within the Northern District of California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## INTRADISTRICT

6. As to Paragraph 6, Defendants admit the case should be assigned to the San Jose intradistrict. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## PARTIES

7. As to Paragraph 7, these answering Defendants admit they own and operate the business located at 600 Riverside Avenue, Santa Cruz, California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

8. As to Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

9. As to Paragraph 9, these answering Defendants admit they own and operate the business located at 600 Riverside Avenue, Santa Cruz, California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

# FIRST CLAIM FOR RELIEF

10. As to the allegations of Paragraph 10, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

11. As to Paragraph 11, no response is required but to the extent that one may be required, Defendants deny the allegations of this Paragraph of the Complaint.

12. As to Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

# FACTUAL STATEMENT

13. As to Paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

14. As to Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

15. As to Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

16. As to Paragraph 16, Defendants deny the allegations of this Paragraph of the Complaint.

17. As to Paragraph 17, Defendants deny the allegations of this Paragraph of the Complaint.

18. As to Paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

19. As to Paragraph 19, Defendants deny the allegations of this

Paragraph of the Complaint.

20. As to Paragraph 20, Defendants deny the allegations of this Paragraph of the Complaint.

21. As to Paragraph 21, Defendants deny the allegations of this Paragraph of the Complaint.

22. As to Paragraph 22, Defendants deny the allegations of this Paragraph of the Complaint.

23. As to Paragraph 23, Defendants deny the allegations of this Paragraph of the Complaint.

24. As to Paragraph 24, Defendants deny the allegations of this Paragraph of the Complaint.

25. As to Paragraph 25, Defendants deny the allegations of this Paragraph of the Complaint.

26. As to Paragraph 26, Defendants admit the allegations of this Paragraph of the Complaint.

27. As to Paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

28. As to Paragraph 28, Defendants deny the allegations of this Paragraph of the Complaint.

29. As to Paragraph 29, Defendants deny the allegations of this Paragraph of the Complaint.

30. As to Paragraph 30, Defendants deny the allegations of this Paragraph of the Complaint.

31. As to Paragraph 31, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

32. As to Paragraph 32, Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

33. As to Paragraph 33, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

34. As to Paragraph 34, Defendants deny the allegations of this Paragraph of the Complaint.

35. As to Paragraph 35, Defendants deny the allegations of this Paragraph of the Complaint.

36. As to Paragraph 36, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## SECOND CLAIM FOR RELIEF

37. As to the allegations of Paragraph 37, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

38. As to Paragraph 38, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

39. As to Paragraph 39, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

40. As to Paragraph 40, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

41. As to Paragraph 41, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

42. As to Paragraph 42, Defendants deny the allegations of this Paragraph of the Complaint.

43. As to Paragraph 43, Defendants deny the allegations of this Paragraph of the Complaint.

44. As to Paragraph 44, Defendants deny the allegations of this Paragraph of the Complaint.

45. As to Paragraph 45, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

### THIRD CLAM FOR RELIEF

46. As to Paragraph 46, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

47. As to Paragraph 47, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

48. As to Paragraph 48, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

49. As to Paragraph 49, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

50. As to Paragraph 50, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

51. As to Paragraph 51, Defendants deny the allegations of this Paragraph of the Complaint.

52. As to Paragraph 52, Defendants deny the allegations of this Paragraph of the Complaint.

53. As to Paragraph 53, Defendants deny the allegations of this Paragraph of the Complaint.

54. As to Paragraph 54, Defendants deny the allegations of this Paragraph of the Complaint.

55. As to Paragraph 55, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## **DEFENSES**

Defendants hereby assert the following defenses to Plaintiff's claims for relief:

## **FIRST AFFIRMATIVE DEFENSE**
### **(Unclean Hands)**

Defendants allege Plaintiff is barred from seeking relief by the doctrine of unclean hands.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Lack of Standing)**

Defendants allege Plaintiff lacks standing.

## **THIRD AFFIRMATIVE DEFENSE**
### **(Premises Built Prior to Effective Date of Americans with Disabilities Act)**

The property owned and operated by Defendants was designed, constructed and first occupied prior to the effective date of Title III of the Americans with Disabilities Act.

## **FOURTH AFFIRMATIVE DEFENSE**
### **(Failure to State Claim)**

Defendants allege the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory against these answering Defendants.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendants allege based on information and belief that Plaintiff has failed to take all reasonable steps necessary to mitigate, limit, minimize or avoid damages he alleges to have suffered as the result of the alleged conduct by Defendants. Defendants are entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid.

## SIXTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees and Costs)

Plaintiff is not entitled to recover attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendants allege that the acts or omissions of Defendants were not the proximate cause of any injury or damage to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from seeking relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint. Plaintiff's allegations are false and not based on a reasonable good faith belief.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived any claims he may have against these responding Defendants with reference to the subject matter of the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

All of Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

Removal of the alleged architectural barriers is not readily achievable.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Modification Required)

Defendants allege, based on information and belief, that there has been no violation of any California statute since there is no law requiring construction, alteration, repair or modification of the subject property.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Barrier to Use)

Defendants allege Plaintiff did not encounter any barrier to access that unreasonably interfered with the use and enjoyment of the property by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Access Provided Through Alternative Methods)

Defendants allege they provide persons with disabilities equal access by alternative methods.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accommodation Sought Would Alter Nature of Business)

Defendants allege, on information and belief, that the modifications requested by Plaintiff are not required since they would fundamentally alter the nature of the business of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Accommodations Sought are Unreasonable and Economically Unfeasible)

Defendants are only required under the ADA, California Civil Code, and the Unruh Civil Rights Act, to remove architectural barriers in their existing facilities if such removal is "readily achievable." Defendants allege, on information and belief, that the barriers Plaintiff refers to in his Complaint cannot be removed and requiring Defendants to do so would put Defendants in financial

jeopardy.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Defendant's Conduct Not Intentional)

Defendants allege that the conduct, if any, alleged by Plaintiff to be discriminatory was not intentional.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Moot)

Plaintiff's claims are moot as all alleged barriers have been removed.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint is barred by Plaintiff's failure to timely file this action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Subject to Civil Code §51)

Defendants are not subject to the provisions of the Unruh Civil Rights Act, Civil Code § 51, et seq., for the conduct alleged in Plaintiff's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Conduct was privileged)

Defendants' conduct with regards to the Plaintiff was privileged, justified and in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Laches)

Defendants are informed and believe and thereon allege the Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Defendants allege, based upon information and belief, that any and all events or happenings, injuries or damages, if any, referred to in the Complaint would be proximately caused or contributed to by the negligence and fault of

Plaintiff, in that Plaintiff did not exercise ordinary care on his own behalf at the times and places referred to, and therefore, Plaintiff is completely barred from recovery herein or in the alternative, under the Doctrine of Pure Comparative Negligence and Fault, said incident reduced Plaintiff's right to recover thereon by the amount which said acts contributed to said incidents or injuries.

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
### **(Assumption of the Risk)**

Defendants alleges, based on information and belief, that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
### **(No Discriminatory Conduct)**

Defendants have not engaged in any discriminatory conduct as alleged in the Complaint.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**
### **(Unintentional Conduct)**

Plaintiff has failed to state a Cause of Action for violation of the Unruh Civil Rights Act, because to the extent that any violation existed, none is admitted to, and such violation was unintentional.

### **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
### **(Improper Supplemental Jurisdiction)**

Supplemental jurisdiction of the State Law claims is improper, as it is based on new and/or complicated issues of State Law.

### **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
### **(Dimensional Tolerances)**

Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because to the extent any architectural barriers alleged by Plaintiff exist, which are disputed by Defendants, such barriers are within

permissible State and Federal dimensional tolerances.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Damages Claims Barred by Lack of Actual Harm or Injury)

Defendants assert that Plaintiff is not entitled to an award of statutory damages because Defendants are informed and believe that Plaintiff was not actually personally deterred, impeded, or deprived of equal access to Defendant's public accommodations while seeking Defendants' goods or services as alleged in Plaintiff's Complaint. Defendants are informed and believe that if Plaintiff, or his agents, in fact presented himself/themselves at the subject facility as alleged in the Complaint, he/they did so for the specific purpose of looking for discriminatory access barriers rather than to avail himself/themselves of the goods and services offered by Defendants thereby precluding Plaintiff under California law from obtaining the statutory damages he has requested in his Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Strict Compliance Excused – Improvements in Progress)

Any failure of Defendants to be in strict compliance with the barrier removal standard is excused as a result of the actions of Defendants, which included Defendants obtaining an evaluation of the property to identify needed alterations, if any, formulation of a plan to make any such alterations, the completion of some alterations and ongoing improvement efforts as a part of the overall improvement plan.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses Based on New Information)

Defendants presently have insufficient knowledge and information as to whether they may have additional, as yet unidentified, defenses available. Defendants reserve the right to assert additional defenses in the event discovery reveals or indicates that such defenses would be appropriate.

12
ANSWER TO COMPLAINT – PATELS        5:16-cv-04392-BLF

**WHEREFORE**, these answering Defendants pray judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;

2. That Judgment be rendered in favor of Defendants against Plaintiff and the Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit incurred in the defense of this action;

4. That Defendants be awarded their attorneys' fees incurred in the defense of this action; and

5. For such other and further relief as the Court may deem just and proper.

Dated: October 21, 2016  VAUGHAN & ASSOCIATES

By: */s/ Cris C. Vaughan*
CRIS C. VAUGHAN
Attorney for Defendants,
Pravin Patel; Naina Patel

## **DEMAND FOR JURY**

Defendants, Pravin Patel and Naina Patel, demand a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff Mikel Harris.

Dated: October 21, 2016  VAUGHAN & ASSOCIATES

By: */s/ Cris C. Vaughan*
CRIS C. VAUGHAN
Attorney for Defendants,
Pravin Patel; Naina Patel