Keith D. Klein, S.B.N. 184846
Kristy A. Murphy, S.B.N. 252234
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
Email: keith.klein@bryancave.com
kristy.murphy@bryancave.com

Attorneys for Defendant
WYNDHAM WORLDWIDE CORPORATION
(erroneously named as WYNDHAM WORLDWIDE, INC.)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| MIKEL HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>JT HOSPITALITY, INC., dba DAYS INN & SUITES SANTA CRUZ; PRAVIN PATEL; NAINA PATEL; WYNDHAM WORLDWIDE, INC.; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 5:16-cv-04392-BLF<br><br>[Assigned to Hon. Beth Labson Freeman]<br><br>**AMENDED ANSWER OF DEFENDANT WYNDHAM WORLDWIDE CORPORATION TO COMPLAINT**<br><br>Complaint Filed: August 4, 2016<br>Trial Date: Not yet assigned |

In response to the Complaint of Plaintiff Mikel Harris ("Plaintiff" or "Harris") filed on August 4, 2016 (the "Complaint"), Defendant Wyndham Worldwide Corporation (erroneously named as Wyndham Worldwide, Inc.) ("WWC") files the present Amended Answer and Affirmative Defenses to the Complaint.

## PARTIES

1. Answering Paragraph 1 of the Complaint, WWC denies that it denied Plaintiff accessible public facilities or has any policy of discrimination against physically disabled persons. WWC is without sufficient information to admit or deny the remaining allegations of Paragraph 1 and on that basis denies them. WWC does not own, operate, manage, maintain, supervise, lease, occupy, or have control of the Hotel that is the subject of this lawsuit. Further, WWC has no relationship, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit.

2. Answering Paragraph 2 of the Complaint, WWC denies that it made any complaint about Plaintiff or his wife. WWC does not own, operate, manage, maintain, supervise, lease, occupy, or have control of the Hotel that is the subject of this lawsuit. Further, WWC has no relationship, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. WWC is without sufficient information to admit or deny the remaining allegations of Paragraph 2 and on that basis denies them.

3. Answering Paragraph 3 of the Complaint, WWC denies that it denied Plaintiff full and equal access to any facility, denied Plaintiff his civil rights under California and federal law, mistreated Plaintiff due to any disability, demanded extra payment from Plaintiff for a service dog, and that it fails to provide disable accessible facilities. WWC does not own, operate, manage, maintain, supervise, lease, occupy, or have control of the Hotel that is the subject of this lawsuit. Further, WWC has no relationship, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. WWC is without sufficient information to admit or deny the remaining allegations of Paragraph 3 and on that basis denies them.

4. Answering Paragraph 4 of the Complaint, WWC admits that the Americans with Disabilities Act claim arises under federal law. The remaining allegations in Paragraph 4 contain

conclusions of law to which no response is required. To the extent that an answer is required, WWC does not contest the jurisdiction of this Court.

5. Answering Paragraph 5 of the Complaint, WWC admits that the Hotel is located in this district. The remaining allegations in Paragraph 5 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC does not contest venue in this Court.

6. Answering Paragraph 6 of the Complaint, WWC admits that the Hotel is located in this intradistrict. The remaining allegations in Paragraph 6 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC does not contest venue in this intradistrict.

7. Answering Paragraph 7 of the Complaint, WWC denies that it is the owner, operator, lessor, or lessee of the business, property, buildings and/or portions thereof located at 600 Riverside Avenue, Santa Cruz, California, and known as Days Inn & Suites Santa Cruz. WWC is without sufficient information to admit or deny the allegations in Paragraph 7 regarding the other defendants' relationship to the Hotel and on that basis denies them. The remaining allegations in Paragraph 7 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 8 and on that basis denies them.

9. Answering Paragraph 9 of the Complaint, WWC denies that it was the owner, operator, lessor and lessee of the subject business, property and/or building at all times relevant to this Complaint. WWC is without sufficient information to admit or deny the allegations in Paragraph 9 regarding the other defendants' relationship to the Hotel and on that basis denies them. WWC denies that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture with one or more of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

# FIRST CAUSE OF ACTION:

# DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION

(California Health & Safety Code §§ 19953 et seq., Civil Code § 54 *et seq*.)

10. Answering Paragraph 10 of the Complaint, WWC incorporates by reference each and every denial, admission and averment in its responses to paragraphs 1 through 9 above.

11. Answering Paragraph 11 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 11 and on that basis denies them.

12. Answering Paragraph 12 of the Complaint, the statutes speak for themselves, and therefore no admission or denial is required. Further, Paragraph 12 contains conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 13 and on that basis denies them.

14. Answering Paragraph 14 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 14 and on that basis denies them.

15. Answering Paragraph 15 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 15 and on that basis denies them.

16. Answering Paragraph 16 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 16 and on that basis denies them.

17. Answering Paragraph 17 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 17 and on that basis denies them.

18. Answering Paragraph 18 of the Complaint, WWC denies that the front desk employee at the hotel was its employee. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 18 and on that basis denies them.

19. Answering Paragraph 19 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 19 and on that basis denies them.

20. Answering Paragraph 20 of the Complaint, WWC is without sufficient information

to admit or deny the allegations in Paragraph 20 and on that basis denies them.

21. Answering Paragraph 21 of the Complaint, WWC denies that it employed any of the employees at the Hotel. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 21 and on that basis denies them.

22. Answering Paragraph 22 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 22 and on that basis denies them.

23. Answering Paragraph 23 of the Complaint, WWC denies that Plaintiffs made any payments to it for their stay at the Hotel. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 23 and on that basis denies them.

24. Answering Paragraph 24 of the Complaint, WWC denies that defendant Pravin Patel was acting on its behalf in allegedly removing records of the Harrises' reservations from the Wyndham reservation records and attempting to reverse charges on the Harrises' bank records, denies that it had knowledge of any alleged misconduct by the Patels or ratified their actions. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 24 and on that basis denies them.

25. Answering Paragraph 25 of the Complaint, WWC denies that it gave any false information to the police. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 25 and on that basis denies them.

26. Answering Paragraph 26 of the Complaint, WWC denies that it engaged in any knowingly illegal actions or committed any Penal Code-prohibited crime. The statutes speak for themselves, and therefore no admission or denial is required. Further, Paragraph 26 contains conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, WWC denies that it engaged in any discriminatory treatment or discriminatory conduct with respect to Plaintiff. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 27 and on that basis denies them.

28. Answering Paragraph 28 of the Complaint, Paragraph 28 contains conclusions of

1 law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Paragraph 29 contains conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Paragraph 30 contains conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, WWC is without sufficient information to admit or deny the allegations in Paragraph 31 and on that basis denies them.

32. Answering Paragraph 32 of the Complaint, WWC admits that Plaintiff seeks the relief described therein in his Complaint but denies that Plaintiff is entitled thereto. WWC denies the remaining allegations in Paragraph 32 of the Complaint.

33. Answering Paragraph 33 of the Complaint, WWC denies that it owned, operated, leased, constructed, altered, and maintained the Hotel, that any act or omission of WWC violated Plaintiff's civil rights, caused him damages, or constituted discrimination against Plaintiff, that it created or maintained any architectural barriers at the Hotel, or that it mistreated Plaintiff. The remaining allegations in Paragraph 33 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, WWC denies that it installed and maintained the physical barriers complained of, failed to remove these barriers, and failed to provide properly accessible lobby counter, guest room facilities, swimming pool lift facilities, and other Hotel facilities, denies that it has illegal and discriminatory policies and practices, denies that it violated state and federal law by claiming an extra $25 per day fee, and denies that it made any false statement to police about Plaintiff. WWC is without sufficient information to admit or deny the remaining allegations in Paragraph 34 and on that basis denies them.

35. Answering Paragraph 35 of the Complaint, WWC denies the allegations in

Paragraph 35.

36. Answering Paragraph 36 of the Complaint, WWC admits that Plaintiffs seeks the relief described therein in his Complaint, but denies that Plaintiff is entitled thereto. The remaining allegations in Paragraph 36 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 36.

## SECOND CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED

## BY CIVIL CODE SECTION 51(1)

37. Answering Paragraph 37 of the Complaint, WWC incorporates by reference each and every denial, admission and averment in its responses to paragraphs 1 through 36 above.

38. Answering Paragraph 38 of the Complaint, Paragraph 38 contains conclusions of law to which no response is required and California Civil Code § 51 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of California Civil Code § 51.

39. Answering Paragraph 39 of the Complaint, WWC denies that it discriminated against Plaintiff. WWC is without sufficient information to admit or deny the allegations of Paragraph 39 as to the conduct of other defendants and on that basis denies them. Paragraph 39 contains conclusions of law to which no response is required and California Civil Code § 52 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of California Civil Code § 52.

40. Answering Paragraph 40 of the Complaint, Paragraph 40 contains conclusions of law to which no response is required and California Civil Code § 52 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of California Civil Code § 52.

41. Answering Paragraph 41 of the Complaint, Paragraph 41 contains conclusions of law to which no response is required and California Civil Code § 51 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of California Civil Code § 51.

42. Answering Paragraph 42 of the Complaint, WWC denies that it has discriminated against Plaintiff in violation of Civil Code §§ 51 and 52. WWC is without sufficient information to admit or deny the allegations of Paragraph 42 as to the conduct of other defendants and on that basis denies them. The remaining allegations in Paragraph 42 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, WWC denies that it refused to do business with plaintiff and refused plaintiff service or that it refused to do business with plaintiff and refused plaintiff service on the basis of any disability. WWC is without sufficient information to admit or deny the allegations of Paragraph 43 as to the conduct of other defendants and on that basis denies them. The remaining allegations in Paragraph 43 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, WWC denies that it threatened plaintiff with violence, intimidated and harassed him. WWC is without sufficient information to admit or deny the allegations of Paragraph 44 as to the conduct of other defendants and on that basis denies them. The remaining allegations in Paragraph 44 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 44.

45. Answering Paragraph 45 of the Complaint, WWC admits that Plaintiffs seeks the relief described therein in his Complaint, but denies that Plaintiff is entitled thereto. The remaining allegations in Paragraph 45 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the remaining allegations in Paragraph 45.

## THIRD CAUSE OF ACTION:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 USC § 12101, *et seq*.

46. Answering Paragraph 46 of the Complaint, WWC incorporates by reference each and every denial, admission and averment in its responses to paragraphs 1 through 45 above.

47. Answering Paragraph 47 of the Complaint, Paragraph 47 contains conclusions of law to which no response is required and 42 USC §12101 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of 42 USC §12101.

48. Answering Paragraph 48 of the Complaint, Paragraph 48 contains conclusions of law to which no response is required and 42 USC §12101(b) is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of 42 USC §12101(b).

49. Answering Paragraph 49 of the Complaint, Paragraph 49 contains conclusions of law to which no response is required and 42 USC § 12181 is a statute that speaks for itself. To the extent an answer to this paragraph is required, WWC denies the allegations in Paragraph 49.

50. Answering Paragraph 50 of the Complaint, Paragraph 50 contains conclusions of law to which no response is required and 42 USC § 12182 and 28 CFR Part 36 are statutes that speaks for themselves. To the extent an answer to this paragraph is required, WWC denies the Plaintiff's summary of 42 USC § 12182 and 28 CFR Part 36.

51. Answering Paragraph 51 of the Complaint, Paragraph 51 contains conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 51.

52. Answering Paragraph 52 of the Complaint, WWC denies that it engaged in any acts motivated as retaliation, coercion, threats and intimidation against plaintiff because he had asserted his rights under the ADA and opposed defendants' actions which violated the ADA. WWC is without sufficient information to admit or deny the allegations of Paragraph 52 as to the

conduct of other defendants and on that basis denies them. The remaining allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 52.

53. Answering Paragraph 53 of the Complaint, WWC is without sufficient information to admit or deny the allegations of Paragraph 53 and on that basis denies them.

54. Answering Paragraph 54 of the Complaint, WWC denies that it has continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters. WWC is without sufficient information to admit or deny the allegations of Paragraph 54 as to the conduct of other defendants and on that basis denies them. The remaining allegations in Paragraph 54 contain conclusions of law to which no response is required and the statutes speak for themselves. To the extent an answer to this paragraph is required, WWC denies the remaining allegations in Paragraph 54.

55. Answering Paragraph 55 of the Complaint, WWC admits that Plaintiff seeks the relief described therein in his Complaint but denies that Plaintiff is entitled thereto. The remaining allegations in Paragraph 55 contain conclusions of law to which no response is required. To the extent that an answer is required, WWC denies the allegations in Paragraph 55.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

WWC denies that the Plaintiff is entitled to the relief requested in Paragraphs 1 through 6 of his Prayer, or any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

WWC denies any allegation of the Complaint not expressly admitted above. As for its defenses, WWC alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint does not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. WWC is informed and believes and on that basis alleges that the Complaint and

each of its causes of action are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (No Duty)

3. The Complaint and each of its causes of action are barred, in whole or in part, because WWC did not owe Plaintiff a duty. WWC does not own, operate, manage, maintain, supervise, lease, occupy, or control the Hotel that is at issue in this action. WWC has no relationship, agency, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. WWC is not responsible for compliance with the ADA or other statutes at issue at premises it neither owns, operates, manages, maintains, supervises, leases, occupies, nor controls. If WWC did owe Plaintiff a duty, WWC did not breach any duty to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

### (Not Facility Owner, Occupier, or Controller)

4. The Complaint and each purported cause of action in the Complaint are barred, in whole or in part, because WWC does not (and did not ever) own, operate, manage, maintain, supervise, lease, occupy, or control the Hotel that is at issue in this action.

### FIFTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

5. WWC is not liable for any violations of law or any damages sustained by Plaintiff as a result of the conduct or omissions or violations of any other defendant or person. WWC has no relationship, agency, employment, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. WWC is not responsible for compliance with the ADA or other statutes at issue at premises it neither owns, operates, manages, maintains, supervises, leases, occupies, nor controls.

### SIXTH AFFIRMATIVE DEFENSE

### (Necessity)

6. WWC is informed and believes and on that basis alleges that any criterion alleged in the Complaint that tends to exclude the disabled, if any such criterion exists, which is specifically denied, is a criterion that is necessary for provision of those limited goods, services,

facilities, privileges, advantages, or accommodations, if any, offered by the Defendants within the meaning of 42 U.S.C. § 12182(b)(2)(A)(i).

## **SEVENTH AFFIRMATIVE DEFENSE**

**(Fundamental Alteration)**

7. WWC is informed and believes and on that basis alleges that any failure to make reasonable modifications that are necessary to afford Plaintiff those goods, services, facilities, privileges, advantages, or accommodations, if any, that the Defendants offer to non-disabled persons, if any such failure exists, which is specifically denied, would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations, if any, within the meaning of 42 U.S.C. § 12182(b)(2)(A)(ii).

## **EIGHTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

8. WWC is informed and believes and on that basis alleges that any failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of any auxiliary aids and services, if any such failure or auxiliary aids or services exist, which is specifically denied, would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation, if any, being offered by the Defendants or would result in an undue burden to the Defendants within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iii).

## **NINTH AFFIRMATIVE DEFENSE**

**(Not Readily Achievable)**

9. WWC is informed and believes and on that basis alleges that any failure to remove architectural barriers, or to remove communication barriers that are structural in nature, if any such failure or barriers exist, which is specifically denied, is a removal that is not readily achievable by the Defendants within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv).

## TENTH AFFIRMATIVE DEFENSE

**(Alternative Methods Not Readily Achievable)**

10. WWC is informed and believes and on that basis alleges that any failure to provide alternative methods for removal of architectural or communication barriers, if any such failure, alternative methods, or barriers exist, which is specifically denied, is an alternative method that is not readily achievable by the Defendants within the meaning of 42 U.S.C. § 12182(b)(2)(A)(v).

## ELEVENTH AFFIRMATIVE DEFENSE

**(Pre-Code Construction, Modification)**

11. WWC is informed and believes and on that basis alleges that Defendants are not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier. Because WWC does not (and did not ever) own, operate, manage, maintain, supervise, lease, occupy, or control the Hotel that is at issue in this action and has no relationship, agency, employment, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit, WWC is not aware of the specific dates of construction or modification of the structures or premises at issue.

## TWELFTH AFFIRMATIVE DEFENSE

**(De Minimis)**

12. The Complaint and each of its causes of action are barred, in whole or in part, because the actions or omissions of WWC, if any, were *de minimis* and did not proximately cause any alleged damages, injuries, or expenses to the Plaintiff. If WWC is established to have taken any actions or omissions pertinent to the allegations of the Plaintiff's Complaint, the Plaintiff's Complaint is barred, as to WWC, by the doctrine of *de minimis non curat lex*.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

13. The Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of estoppel, due to the Plaintiff's own acts and/or omissions with respect to the subject matter of the Complaint, including, without limitation, that after learning that the

accessible room was no longer available, Plaintiff knowingly accepted the available room that he allegedly was told was not an accessible room.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

### **(Compliance with Law)**

14. The Complaint and each of its causes of action are barred, in whole or in part, because all conduct and activities of WWC alleged in the Complaint conformed to statutes, government regulations and industry standards based upon the state of knowledge existing at all relevant times.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

### **(Substantial Compliance)**

15. The Complaint and each of its causes of action are barred, in whole or in part, because Defendants have substantially complied with all applicable legal requirements.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

### **(Waiver)**

16. The Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of waiver to the extent that Plaintiff has failed to pursue or waived his rights to seek relief, in whole or in part, with respect to the claims and causes of action alleged in the Complaint. Among other things, on information and belief, after learning that the accessible room was no longer available, Plaintiff knowingly accepted the available room that he allegedly was told was not an accessible room.

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

### **(Consent)**

17. WWC is informed and believes and on that basis alleges that the Complaint and each of its causes of action are barred, in whole or in part, because Plaintiff acquiesced and/or consented to the activities of which Plaintiff now complains. Among other things, on information and belief, after learning that the accessible room was no longer available, Plaintiff knowingly accepted the available room that he allegedly was told was not an accessible room.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

18. The Complaint and each of its causes of action are barred, in whole or in part, because the acts and omissions of others, including the alleged actions of Defendants Pravin Patel, Naina Patel, and JT Hospitality, Inc. dba Days Inn & Suites Santa Cruz, were the actual and proximate cause of the Plaintiff's claimed damages. WWC does not (and did not ever) own, operate, manage, maintain, supervise, lease, occupy, or control the Hotel that is at issue in this action. WWC is not responsible for compliance with the ADA or other statutes at issue at premises it neither owns, operates, manages, maintains, supervises, leases, occupies, nor controls. WWC has no relationship, agency, employment, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. WWC's goods, services, facilities, privileges, advantages, or accommodations, if any, referred to in the Complaint, if any existed, were not a substantial factor in bringing about the injuries, damages, or violations complained of by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

19. The Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of laches, in that, among other things, the claims of the Plaintiff were not brought within a reasonable time after their discovery which Plaintiff alleges occurred in March and April of 2016. WWC has been prejudiced by the delay of several months in bringing a claim, including but not limited to, the loss of potential witnesses and evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20. The Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of unclean hands to the extent the alleged accusations of Plaintiff's failure to pay for the room are accurate. WWC presently lacks sufficient information regarding the truth or falsity of the accusations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith and Valid Business Purpose)

21. WWC's alleged actions with respect to the subject matters alleged in the Complaint were reasonable, undertaken in good faith, with the absence of malicious intent to injure the Plaintiff, and constitute lawful, proper and justified means to further its sole purpose of engaging and continuing its business. The actions or policies complained of in the Complaint were not arbitrary, but rather were reasonably related to a valid business purpose. By reason thereof, the Plaintiff is barred, in whole or in part, from recovery on the alleged claims in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

22. Without admitting any liability whatsoever and without admitting that the Plaintiff has suffered or will suffer any loss or damage whatsoever, the Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding acts beyond the control and unrelated to any actions or conduct of WWC. WWC does not (and did not ever) own, operate, manage, maintain, supervise, lease, occupy, or control the Hotel that is at issue in this action. WWC is not responsible for compliance with the ADA or other statutes at issue at premises it neither owns, operates, manages, maintains, supervises, leases, occupies, nor controls. WWC has no relationship, agency, employment, contractual or otherwise, with the owner/operator of the Hotel that is the subject of this lawsuit. On information and belief, any loss or damage suffered by Plaintiff was caused by the alleged conduct of the owner/operator of the Hotel, who are alleged to be Defendants Pravin Patel, Naina Patel, and JT Hospitality, Inc. dba Days Inn & Suites Santa Cruz. Additional intervening and superseding causes of Plaintiff's alleged damages include, on information and belief, third parties that rented the accessible room and the alleged mechanical breakdown of the pool lift.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Acts and Omissions)

23. The Complaint and each of its causes of action are barred, in whole or in part, because, on information and belief, Plaintiff's conduct concerning the matters alleged in the

Complaint constitute carelessness, negligence, misconduct, or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff. Among other things, on information and belief, after learning that the accessible room was no longer available, Plaintiff knowingly accepted the available room that he allegedly was told was not an accessible room.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

24. Plaintiff is not entitled to injunctive relief to the extent that his prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

25. Without admitting any liability whatsoever and without admitting that the Plaintiff has suffered or will suffer any loss or damage whatsoever, if the Plaintiff has suffered, or will in the future suffer, any loss or damage as alleged in the Complaint or otherwise, on information and belief, the Plaintiff has failed to mitigate or minimize such loss or damage.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Punitive or Exemplary Damages)

26. Under the applicable law and the facts of the case, the Plaintiff is not entitled to punitive or exemplary damages. Moreover, the punitive or exemplary damages claims by the Plaintiff are unconstitutional excessive fines under the California Constitution and the United States Constitution.

### RESERVATION OF FURTHER DEFENSES

WWC hereby reserves the right to amend this pleading to include further affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, WWC respectfully prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2.   That this Court enters a judgment in its favor and dismiss the Plaintiff's Complaint with prejudice,

       3.   That WWC be awarded its attorneys' fees and costs, and

       4.   That the Court grants such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 18, 2016

**BRYAN CAVE LLP**
KEITH D. KLEIN
KRISTY A. MURPHY


By: */s/ Kristy A. Murphy*
Kristy A. Murphy
Attorneys for Defendant
WYNDHAM WORLDWIDE CORPORATION
(erroneously named as WYNDHAM WORLDWIDE, INC.)

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2305. My e-mail address is debbie.throckmorton@bryancave.com.

On November 18, 2016, I served the foregoing document(s), described as: **AMENDED ANSWER OF DEFENDANT WYNDHAM WORLDWIDE CORPORATION TO COMPLAINT**, on each interested party in this action, as follows:

| | |
|---|---|
| Paul L. Rein, Esq.<br>Celia Mcguinness, Esq.<br>LAW OFFICES OF PAUL L. REIN<br>200 Lakeside Drive, Suite A<br>Oakland, CA 94612<br>Telephone: 510/832-5001<br>Facsimile: 510/832-4787<br>reinlawoffice@aol.com | *Attorneys for Plaintiff*<br>*Mikel Harris* |
| Steven L. Derby, Esq.<br>THE DERBY LAW FIRM, P.C.<br>1255 Treat Blvd., Suite 300<br>Walnut Creek, CA 94597<br>Telephone: (925) 472-6640<br>Facsimile: (925) 933-3964<br>SDerby@reinlawoffice.com | *Attorneys for Plaintiff*<br>*Mikel Harris* |
| Cris Campbell Vaughan, Esq.<br>Vaughan & Associates<br>6207 South Walnut Street, Suite 800<br>Loomis, CA 95650<br>Tel.: 916-660-9401<br>Fax: 916-660-9378<br>Email: ccvaughan@sbcglobal.net | *Attorneys for Defendants*<br>*Previn Patel and Naina Patel* |

☒ VIA ELECTRONIC SERVICE - The document was served via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 18, 2016, at Santa Monica, California.

I declare under penalty of perjury that the foregoing is true and correct.

          /s/ *Debbie Throckmorton*
          Debbie Throckmorton

1061717.1

1

PROOF OF SERVICE

SM01DOCS\1171259.3