CRIS C. VAUGHAN, SBN 99568
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: 916-660-9401
Facsimile: 916-660-9378

Attorneys for Pravin Patel; Naina Patel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mikel Harris**,<br><br>    Plaintiff,<br><br>    v.<br><br>**JT Hospitality, Inc. dba Days Inn & Suites Santa Cruz; Pravin Patel; Naina Patel; Wyndham Worldwide, Inc.**; and Does 1-10, inclusive<br><br>    Defendants. | Case No. 5:16-cv-04392-BLF<br><br>**SECOND AMENDED ANSWER OF PRAVIN PATEL AND NAINA PATEL TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants, Pravin Patel ("P. Patel") and Naina Patel ("N. Patel") (collectively "Defendants") by and through their undersigned attorney hereby submit their Second Amended Answer to the Complaint of Plaintiff Mikel Harris filed on August 4, 2016, and state as follows:

**INTRODUCTION**

1. As to Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

2. As to Paragraph 2, Defendants deny the allegations of this Paragraph of the Complaint.

3. As to Paragraph 3, Defendants deny the allegations of this Paragraph of the Complaint.

## JURISDICTION

4. As to Paragraph 4, Defendants admit the Court has jurisdiction pursuant to 28 USC §1331 but deny the court should exercise supplemental jurisdiction. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## VENUE

5. As to Paragraph 5, Defendants admit venue is proper to the extent the events alleged in the Complaint occurred within the Northern District of California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## INTRADISTRICT

6. As to Paragraph 6, Defendants admit the case should be assigned to the San Jose intradistrict. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## PARTIES

7. As to Paragraph 7, these answering Defendants admit they own and operate the business located at 600 Riverside Avenue, Santa Cruz, California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

8. As to Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

9. As to Paragraph 9, these answering Defendants admit they own and operate the business located at 600 Riverside Avenue, Santa Cruz, California. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

## FIRST CLAIM FOR RELIEF

10. As to the allegations of Paragraph 10, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

11. As to Paragraph 11, no response is required but to the extent that one may be required, Defendants deny the allegations of this Paragraph of the Complaint.

12. As to Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## FACTUAL STATEMENT

13. As to Paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

14. As to Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

15. As to Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

16. As to Paragraph 16, Defendants deny the allegations of this Paragraph of the Complaint.

17. As to Paragraph 17, Defendants deny the allegations of this Paragraph of the Complaint.

18. As to Paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

19. As to Paragraph 19, Defendants deny the allegations of this

Paragraph of the Complaint.

20. As to Paragraph 20, Defendants deny the allegations of this Paragraph of the Complaint.

21. As to Paragraph 21, Defendants deny the allegations of this Paragraph of the Complaint.

22. As to Paragraph 22, Defendants deny the allegations of this Paragraph of the Complaint.

23. As to Paragraph 23, Defendants deny the allegations of this Paragraph of the Complaint.

24. As to Paragraph 24, Defendants deny the allegations of this Paragraph of the Complaint.

25. As to Paragraph 25, Defendants deny the allegations of this Paragraph of the Complaint.

26. As to Paragraph 26, Defendants admit the allegations of this Paragraph of the Complaint.

27. As to Paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

28. As to Paragraph 28, Defendants deny the allegations of this Paragraph of the Complaint.

29. As to Paragraph 29, Defendants deny the allegations of this Paragraph of the Complaint.

30. As to Paragraph 30, Defendants deny the allegations of this Paragraph of the Complaint.

31. As to Paragraph 31, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

32. As to Paragraph 32, Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

33. As to Paragraph 33, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

34. As to Paragraph 34, Defendants deny the allegations of this Paragraph of the Complaint.

35. As to Paragraph 35, Defendants deny the allegations of this Paragraph of the Complaint.

36. As to Paragraph 36, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## SECOND CLAIM FOR RELIEF

37. As to the allegations of Paragraph 37, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

38. As to Paragraph 38, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

39. As to Paragraph 39, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

40. As to Paragraph 40, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

41. As to Paragraph 41, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

42. As to Paragraph 42, Defendants deny the allegations of this Paragraph of the Complaint.

43. As to Paragraph 43, Defendants deny the allegations of this Paragraph of the Complaint.

44. As to Paragraph 44, Defendants deny the allegations of this Paragraph of the Complaint.

45. As to Paragraph 45, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## THIRD CLAM FOR RELIEF

46. As to Paragraph 46, Defendants incorporate by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

47. As to Paragraph 47, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

48. As to Paragraph 48, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

49. As to Paragraph 49, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

50. As to Paragraph 50, Defendants admit Plaintiff refers to various building codes and access guidelines. Except as so admitted, Defendants deny the remaining allegations of this Paragraph of the Complaint.

51. As to Paragraph 51, Defendants deny the allegations of this Paragraph of the Complaint.

52. As to Paragraph 52, Defendants deny the allegations of this Paragraph of the Complaint.

53. As to Paragraph 53, Defendants deny the allegations of this Paragraph of the Complaint.

54. As to Paragraph 54, Defendants deny the allegations of this Paragraph of the Complaint.

55. As to Paragraph 55, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## DEFENSES

Defendants hereby assert the following defenses to Plaintiff's claims for relief:

## FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendants allege Plaintiff is barred from seeking relief by the doctrine of unclean hands as Plaintiff is targeting minority owned businesses for personal gain rather than for any genuine desire to redress grievances.

## SECOND AFFIRMATIVE DEFENSE
### (Reasonable Portion of Facility Accessible)

Defendants are informed and believe and thereon allege that the facility does not violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants allege based on information and belief that Plaintiff has failed to take all reasonable steps necessary to mitigate, limit, minimize or avoid damages he alleges to have suffered as the result of the alleged conduct by Defendants. Defendants are entitled to have sums to which Plaintiff may be

entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid.

## FOURTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits and a properly issued Certificate of Occupancy, pursuant to reasonable business justification sand do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

## FIFTH AFFIRMATIVE DEFENSE
### (De Minimis Deviations)

Defendants allege Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or are within construction tolerances. *Cherry v. City College of San Francisco,* 2006 WL 6602454 at *5-6 (N.D. Cal. January 12, 2006) (Recognizing the ADA's allowances of reasonable variances and equivalent facilitations).

## SIXTH AFFIRMATIVE DEFENSE
### (Not Readily or Likely Achievable)

Defendants allege any further action by Defendants to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of the facilities, is not technically feasible, or is achievable. Defendants do not assert the affirmative defense of financial readily achievability in this Action.

///

## SEVENTH AFFIRMATIVE DEFENSE
### (Access Provided Through Alternative Methods)

Defendants allege, at all times relevant to the Complaint, that equivalent facilitations, both in terms of policies, practices and procedures, and provisions of auxiliary aids and services, were made available to Plaintiff, as well as other similarly situated disabled individuals, which provide full and equal access to the facility. Defendants' business does not violate any law, code, regulation, guideline or provision, and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities. *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).

## EIGHTH AFFIRMATIVE DEFENSE
### (Additional Defenses Based on New Information)

Defendants presently have insufficient knowledge and information as to whether they may have additional, as yet unidentified, defenses available. Defendants reserve the right to assert additional defenses in the event discovery reveals or indicates that such defenses would be appropriate.

**WHEREFORE**, these answering Defendants pray judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;

2. That Judgment be rendered in favor of Defendants against Plaintiff and the Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit incurred in the defense of this action;

4. That Defendants be awarded their attorneys' fees incurred in the defense of this action; and

///

///

///

5. For such other and further relief as the Court may deem just and proper.

Dated: December 27, 2016         VAUGHAN & ASSOCIATES


                                 By:   */s/ Cris C. Vaughan*
                                       CRIS C. VAUGHAN
                                       Attorney for Defendants,
                                       Pravin Patel; Naina Patel


## **DEMAND FOR JURY**

Defendants, Pravin Patel and Naina Patel, demand a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff Mikel Harris.


Dated: December 27, 2016         VAUGHAN & ASSOCIATES


                                 By:   */s/ Cris C. Vaughan*
                                       CRIS C. VAUGHAN
                                       Attorney for Defendants,
                                       Pravin Patel; Naina Patel