| | |
|---|---|
| 1 | PAUL L. REIN, Esq. (SBN 43053) |
| 2 | LAW OFFICES OF PAUL L. REIN<br>200 Lakeside Drive, Suite A |
| 3 | Oakland, CA 94612<br>Telephone: 510/832-5001 |
| 4 | Facsimile: 510/832-4787<br>reinlawoffice@aol.com |
| 5 | STEVEN L. DERBY, ESQ. (SBN 148372) |
| 6 | DERBY, McGUINNESS, & GOLDSMITH, LLP<br>200 Lakeside Drive, Suite A |
| 7 | Oakland, CA 94612<br>Telephone: (510) 987-8778 |
| 8 | Facsimile: (510) 359-4419<br>sderby@dmglawfirm.com |
| 9 | Attorneys for Plaintiff |
| 10 | MIKEL HARRIS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL HARRIS,<br><br>    Plaintiffs,<br><br>v.<br><br>JT HOSPITALITY, INC., dba DAYS INN & SUITES SANTA CRUZ; PRAVIN PATEL; NAINA PATEL; WYNDHAM WORLDWIDE, INC.; and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | **Case No. 5:16-cv-04392 BLF**<br><br><u>Civil Rights</u><br><br>**PLAINTIFF'S STATUS REPORT AND REQUEST FOR A CASE MANAGEMENT CONFERENCE** |

TO THIS HONORABLE COURT AND TO DEFENDANTS:

Plaintiff hereby requests the Court set a Case Management Conference in this case, filed on August 4, 2016, in order to assist the parties in determining whether the terms of the settlement agreed to at the mediation are enforceable or if the matter should be released from General Order 56 for further litigation.

//

-1-

PLAINTIFF'S STATUS REPORT AND REQUEST FOR CMC
CASE NO. 5:16-cv-04392 BLF

\\rein-sbs\DMG Law\Active Cases\Harris, Mikel and Kathryn\DAYS INN\Pleadings\2017 11 09 Request for Status Conference.docx

**A.  Plaintiff's Summary of Claims**

This case involves the denial of access at a hotel in Santa Cruz formerly known as Days Inn and Suites (part of the WYNDHAM WORLDWIDE chain of hotels) which began when Plaintiff's spouse attempted to reserve an accessible room for Plaintiff, his spouse and their service animal using the Wyndham Points reservation system and ended with the owner of the hotel PRAVIN PATEL lying to police in order to retaliate against Plaintiff for complaining about the inaccessible room and the hotel's illegal attempt to charge them for Plaintiff's service dog.

Despite making a reservation for an accessible room at the Hotel, Plaintiff was met by many inaccessible features in both the common areas of the Hotel and within the room itself.  As a result of the inaccessible features of Defendants' hotel, Plaintiff suffered multiple instances of difficulty, discomfort, and embarrassment over a period of days. When he justifiably complained about the inaccessible room and the treatment he and his service animal received, Plaintiff was humiliated and suffered retaliation and forcible expulsion from the Hotel under threat of arrest due to the lies told by the Hotel owner (Mr. Patel) that he had not paid for his room for 12 days.

Plaintiff has brought claims for disability discrimination under the Americans with Disabilities Act Title III and for pendant State law claims.

Plaintiff seeks injunctive relief to require Defendants to make their facilities fully accessible to people with mobility disabilities.  Plaintiff also seeks an injunction against WYNDHAM WORLDWIDE and its affiliates to make their nationwide reservation system complaint with the ADA. He also seeks damages for his civil rights injuries.

**B.  Status of the Case**

This case was filed on August 4, 2016.  Dkt. No. 1.  The matter was ordered into General Order 56 on August 5, 2016.  Dkt. No. 4.  The parties worked cooperatively to proceed through General Order 56.  On September 22, 2017, the parties participated in a face-to-face mediation with mediator Howard Herman.  At the conclusion of the mediation, it was Plaintiff's understanding that the case had fully settled, the general terms of the settlement agreement had been agreed to by all parties, and the was general but not complete agreement regarding the actual language in the

-2-

agreement. Because it was after 10:00 pm on a Friday night, the mediation concluded and Plaintiff's counsel promised to send around draft settlement documents the following week.

On Monday, September 25, 2017, Plaintiff's counsel sent draft settlement documents to all counsel for review and comment. On October 3, 2017, having heard nothing, Plaintiff's counsel sent a follow-up email to both counsel. No response came. The mediator sent a follow-up email on October 5, 2017. On October 13, 2017, Plaintiff's counsel spoke with both defense counsel and agreed on some edits to the language. That same day, Plaintiff's counsel sent amended settlement documents. Since that day, despite numerous "reminders" none of the settlement documents have been signed by any of the Defendants, no money has been paid and so far as Plaintiff is aware, none of the contemplated remedial work has been done. On November 7, 2017, Plaintiff's counsel gave defense counsel until 5pm on Friday November 10, 2017 (6 weeks after the mediation and 4 weeks after all counsel had agreed on the language of settlement documents) to submit settlement documents or he would file this request. No settlement documents were received and no money has been paid.

**C.     The Grounds for Plaintiff's Request**

Plaintiff respectfully requests that the Court set a Case Management Conference in the instant matter so that the Parties can determine whether a settlement is still possible or if it is necessary to set a litigation schedule.

Dated: November 13, 2017            DERBY, McGUINNESS & GOLDSMITH, LLP
                                    THE LAW OFFICE OF PAUL L. REIN



                                     /s/ *Steven L. Derby*
                                    STEVEN L. DERBY, ESQ.
                                    Attorneys for Plaintiff
                                    MIKEL HARRIS

-3-