1  PAUL L. REIN, Esq. (SBN 43053)
   LAW OFFICES OF PAUL L. REIN
2  200 Lakeside Drive, Suite A
   Oakland, CA  94612
3  Telephone:   510/832-5001
   Facsimile:   510/832-4787
4  reinlawoffice@aol.com

5
   STEVEN L. DERBY, ESQ. (SBN 148372)
6  THE DERBY LAW FIRM P.C.
   1255 Treat Blvd. Suite 300
7  Walnut Creek, CA  94597
   Telephone: (925) 472-6640
8  Facsimile: (925) 933-3964
   derby@reinlawoffice.com
9
   Attorneys for Plaintiff
10 MIKEL HARRIS

11

## UNITED STATES DISTRICT COURT

12

### NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  MIKEL HARRIS,                                      | **Case No. 5:16-cv-04392 BLF** |
| 15         Plaintiffs,                                 | Civil Rights |
| 16  v.                                                 | **JOINT CASE MANAGEMENT STATEMENT** |
| 17  JT HOSPITALITY, INC., dba DAYS INN & SUITES SANTA CRUZ; PRAVIN PATEL; NAINA PATEL; WYNDHAM WORLDWIDE, INC.; and DOES 1-10, INCLUSIVE, | Date:       December 14, 2017<br>Time:       11:00 a.m.<br>Location:   280 South 1st Street<br>               Courtroom 3 – 5th Floor<br>               San Jose, CA 95113 |
| 19                                                     | |
| 20         Defendants.                                 | **Judge:       Hon. Beth Labson Freeman** |

21

22 CRIS C. VAUGHAN (SBN 99568)
   VAUGHAN & ASSOCIATES
23 6207 South Walnut Street, Suite 800
   Loomis, CA 95650
24 Telephone: 916-660-9401
   Fax: 916-660-9378
25 Email: cvaughan@adasolutionsgroup.com

26 Attorneys for
   Pravin Patel and Naina Patel
27

28 //

-1-

Keith D. Klein, S.B.N. 184846
Kristy A. Murphy, S.B.N. 252234
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone:  (310) 426-2836
Facsimile:  (310) 576-2200
Email:  keith.klein@bryancave.com
  kristy.murphy@bryancave.com

Attorneys for Defendant
WYNDHAM WORLDWIDE CORPORATION
(erroneously named as WYNDHAM WORLDWIDE, INC.)

Plaintiff MIKEL HARRIS ("Plaintiff") and Defendants PRAVIN PATEL, NAINA PATEL, and WYNDHAM WORLDWIDE CORPORATION ("Defendants") hereby jointly file their Case Management Statement pursuant to the order of Hon. Beth Labson Freeman on November 15, 2017.

**I.   HISTORY OF THE CASE**

Plaintiff's Position

This case was filed on August 4, 2016. Dkt. No. 1. The matter was ordered into General Order 56 on August 5, 2016. Dkt. No. 4. The parties worked cooperatively to proceed through General Order 56. On September 22, 2017, the parties participated in a face-to-face mediation with mediator Howard Herman. At the conclusion of the mediation, it was Plaintiff's understanding that the case had fully settled, the general terms of the settlement agreement had been agreed to by all parties, and there was general but not complete agreement regarding the actual language in the agreement. Because it was after 10:00 pm on a Friday night, the mediation concluded and Plaintiff's counsel promised to send around draft settlement documents the following week.

On Monday, September 25, 2017, Plaintiff's counsel sent draft settlement documents to all counsel for review and comment. On October 3, 2017, having heard nothing, Plaintiff's counsel sent a follow-up email to both counsel. No response came. The mediator sent a follow-up email on October 5, 2017 asking about the status of the settlement documentation. On October 13, 2017, Plaintiff's counsel spoke with both defense counsel and agreed on some edits to the language. That same day, Plaintiff's counsel sent amended settlement documents. Since that day, despite

-2-

1  numerous "reminders" none of the settlement documents have been signed by any of the

2  Defendants, no money has been paid and so far as Plaintiff is aware, none of the contemplated

3  remedial work has been done.

4  On November 7, 2017, Plaintiff's counsel gave defense counsel until 5pm on Friday

5  November 10, 2017 (6 weeks after the mediation and 4 weeks after all counsel had agreed on the

6  language of settlement documents) to submit settlement documents or he would file this request.

7  As of today, December 7, 2017 no money has been paid and no settlement documents have been

8  signed by any defendant.

Defendant Wyndham Worldwide Corporation's Position

Plaintiff's counsel is understandably frustrated with the time required to finalize the settlement documents, but its portion of this statement omits material facts. First, counsel has been notified that the wrong party has been named as a defendant and any settlement will require that the named defendant Wyndham Worldwide, Inc. be dismissed and replaced with Wyndham Hotel Group, LLC, the parent to the franchisor Days Inns Worldwide, Inc. This change has not occurred as Plaintiff's counsel has indicated that it would like to do so once the settlement documents are completed. This is acceptable.

Second, while the proposed settlement documents are likely simple for Plaintiff to review, they are substantially more complex to have Wyndham Hotel Group, LLC—the parent to more than 10 franchise systems and over 5,000 company-owned or franchised lodging facilities—get comfortable with the breadth of changes contemplated by the proposed settlement documents and time deadlines. Counsel for Wyndham Hotel Group, LLC has kept Plaintiff's counsel regularly updated on the status of its review. On October 3, 2017, counsel emailed Plaintiff's counsel to advise that an evaluation of the choice of a consent decree document or private settlement agreement document was still under review. On October 10, 2017, counsel notified Plaintiff's counsel of the election to proceed with documenting a settlement in a consent decree and thereafter had a telephone call with Plaintiff's counsel the same day to discuss various issues. On October 24, 2017, counsel advised Plaintiff's counsel that it had comments to the draft consent decree

-3-

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:16-cv-04392 BLF                           N:\Active Cases\Harris, Mikel and Kathryn\DAYS INN\Pleadings\2017 12 07 Joint Case Management Statement (002).docx

documents which required further internal discussion. On October 31, 2017, counsel advised Plaintiff's counsel that revisions to the consent decree were necessary and would be circulated again internally. On November 7, 2017, Plaintiff's counsel provided the other parties with a deadline to resolve the matter under threat of requesting a case management conference with the Court. Within minutes of that notice, counsel advised that no case management conference was required and that there are a number of people who need to sign off on the nonmonetary commitments in the proposed consent decree documents. Counsel further requested specificity as to any exigency to consummation so that it could try to address concerns, but no response was provided.

While there are changes that will be necessary to the draft consent decree documents circulated by Plaintiff's counsel, we do not anticipate any changes that will preclude consummation of settlement in the near future.

Defendants Pravin Patel and Naina Patel

Defendants do not agree that the case is settled.

**II.   REQUIREMENTS FOR SETTLEMENT**

Plaintiff's Position

From Plaintiff's perspective, the case was settled at mediation over two months ago. In response to the mediator's request for status on settlement documents on October 5, 2017, defense counsel separately requested and received slightly amended settlement documents. The only thing that is required is for the defense to (1) sign the settlement agreements given to them on October 13, 2017 and (2) make the agreed-upon settlement payments.

Defendant Wyndham Worldwide Corporation's Position

As described above, Plaintiff's counsel has oversimplified the issue. We anticipate the agreement to the language in the consent decree documents before the end of the year and propose that the upcoming conference be continued until the second week of January 2018.

-4-

<u>Defendants Pravin Patel and Naina Patel's Position</u>

Defendants do not agree that the case is settled.

Dated: December 7, 2017                              DERBY, McGUINNESS & GOLDSMITH, LLP
                                                     LAW OFFICES OF PAUL L. REIN


                                                     _____*/s/ Steven L. Derby*
                                                     STEVEN L DERBY, ESQ.
                                                     Attorneys for Plaintiff
                                                     MIKEL HARRIS


Dated: December 7, 2017                              VAUGHAN & ASSOCIATES


                                                     _____*/s/ Cris C. Vaughan*
                                                     CRIS C. VAUGHAN, ESQ.
                                                     Attorney for Defendants
                                                     PRAVIN PATEL AND NAINA PATEL


Dated: December 7, 2017                              BRYAN CAVE LLP


                                                     ____*/s/ Keith Klein*
                                                     KEITH D. KLEIN, ESQ.
                                                     Attorneys for Defendant
                                                     WYNDHAM WORLDWIDE
                                                     CORPORATION (erroneously named as
                                                     WYNDHAM WORLDWIDE, INC.)

-5-

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:16-cv-04392 BLF                    N:\Active Cases\Harris, Mikel and Kathryn\DAYS INN\Pleadings\2017 12 07 Joint Case Management Statement (002).docx

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, I hereby attest that on December 7, 2017 I, Steven L. Derby, attorney with Derby, McGuinness & Goldsmith, LLP, received the concurrence of Cris C. Vaughan, and Keith Klein in the filing of this document.

>  */s/ Steven L. Derby*
> Steven L. Derby