STEVEN L. DERBY, ESQ. (SBN 148372)
DERBY, McGUINNESS, & GOLDSMITH, L.P.
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

PAUL L. REIN, Esq. (SBN 43053)
AARON CLEFTON, Esq. (SBN 318680)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
MIKEL HARRIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL HARRIS,<br><br>        Plaintiffs,<br><br>v.<br><br>JT HOSPITALITY, INC., dba DAYS INN & SUITES SANTA CRUZ; PRAVIN PATEL; NAINA PATEL; WYNDHAM WORLDWIDE, INC.; and DOES 1-10, INCLUSIVE,<br><br>        Defendants. | **Case No. 5:16-cv-04392 BLF**<br><br>Civil Rights<br><br>**PLAINTIFF'S REPLY ON MOTION TO ENFORCE COURT ENFORCEABLE SETTLEMENT AGREEMENT FOR FAILURE TO PAY BY HOTEL DEFENDANTS AND OBJECTIONS TO DECLARATION OF PAVIN PATEL** |

# OBJECTIONS

## Patel Declaration Irrelevant and Immaterial

Defendant Pravin Patel's declaration is irrelevant and immaterial to the issue of whether he has paid the attorney fees, litigation expenses and costs and whether the Court may enforce the Defendants agreement with Plaintiff as incorporated into the Court's Order of February 5, 2018 (Dkt. No. 63). FRE 401; 402. The Declaration's contents do not address why Defendants have not paid as they agreed to, and why they are defying the Court's order. The entire declaration should be stricken.

## Patel Declaration Causes Undue Delay and is Meant to Prejudice the Court

Defendant's Declaration should be stricken as attempt to prejudice the Court in Plaintiff's efforts to enforce the Settlement. FRE 403. In stating alleged facts about the case to dispute the equity of enforcing an agreement Defendant already agreed to, Defendant is attempting to prejudice the Court and confusing the issue of enforcement of the agreement with its equity. *Id.* Furthermore, such efforts only unduly delay resolution of the only issue before the Court: whether it should enforce the Settlement Agreement that Defendants signed and agreed to. *Id.* The agreement itself is the result of overwhelming factual evidence that Plaintiff and his wife <u>had</u> paid for their room but were harassed and discriminated against.

## Patel Declaration is Hearsay as to What His Wife Believes or Said

To the extent that Defendant Patel allegedly speaks on behalf of his wife, without her declaration or any evidence that she consented to his doing so, the declaration is hearsay and should be stricken. FRE 801.

## Patel Declaration Violates the Parol Evidence Rule

Plaintiff specifically objects and requests that the Court disregard paragraphs 3 – 7 as violations of the Parol Evidence Rule. Defendant does not allege the contract was ambiguous. Rather, he objects to its terms as "unfair." Pavel Dec. at ¶ 8. "[E]xtrinsic evidence is not admissible

to add to, detract from, or vary the terms of a written [integrated] contract," but only to interpret the terms in the contract. *In re W. Asbestos Co.*, 416 B.R. 670, 695 (N.D. Cal. 2009), *aff'd sub nom. Renfrew v. Hartford Acc. & Indem. Co.*, 406 F. App'x 227 (9th Cir. 2010). The Court should not consider the extrinsic evidence of Defendant's Declaration because the fact that the Court Enforceable Settlement Agreement is fully integrated is not disputed by Defendants.

Defendant's Opposition Violate Local Rule 7-4

Local Rule 7-4 requires that an Opposition brief contain, among other things, "a statement of the issues to be decided; a succinct statement of the relevant facts; and [a]rgument by the party, citing pertinent authorities." Defendants' brief does none of these and should be stricken. To the extent Defendants' attorney has signed his name to the "brief" at the same time that he has filed a motion to withdraw as attorney for the Patel Defendants should be considered by the Court with regard to possible sanctions.

**ARGUMENT ON REPLY**

"The district court [has] inherent power to enforce the agreement in settlement of litigation before it. Whether a contract is certain enough to be enforced is a question of law. Courts favor enforcing contracts if the parties' intention can be ascertained." *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2014 WL 12465441, at *2 (N.D. Cal. Mar. 21, 2014). "The Ninth Circuit has an expansive view of what it means to settle a case and California has a strong policy in favor of enforcing settlement agreements. *Id.* at *5 (N.D. Cal. Mar. 21, 2014). Here there is no dispute over the intent of the parties. Defendant's Opposition and Declaration do not dispute that the Parties agreed that Defendants would perform various remedial measures, and payment of damages, attorney fees, litigation expenses, and costs in exchange for Plaintiff dismissing his claims. The existence and terms of this agreement are not in dispute. See Patel Dec. at ¶ 8. All that Defendant Pavin Patel argues is that performing his end of the bargain is "unfair." *Id.* The agreement has also been approved by the Court and complete failure to comply is a violation of the Court's Order

"A settlement agreement is binding on the parties, and a party challenging the validity of a settlement agreement carries a heavy burden. *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2014 WL 12465441, at *2 (N.D. Cal. Mar. 21, 2014) "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948). Here there is no mistake or fraud, and zero evidence presented by Defendants of such. The Court should enforce the Court's Order.

<u>Defendants Do Not Dispute Plaintiff's Proposed Sanction for Late Payment</u>

Defendants do not dispute that it is reasonable for them to pay an additional $1,000 for each day since payment of the Settlement was due on February 27, 2018. Plaintiff requests that the Court award $21,000 to Plaintiff's counsel, representing each day between February 27, 2018 and the filing of this Reply, as a sanction for Defendant's dilatory behavior. This sanction is fair because all of Plaintiff's Damages were paid by the first arriving settlement paid by the "Wyndham Defendants." Plaintiff's attorneys have been paid nothing to date. $21,000 is a fair sanction for Plaintiff's counsel's delay in being paid, work done to enforce the settlement, and appropriately punitive for Defendants' defiant refusal to follow a Court order.

In the alternative, Plaintiff requests that the Court allow him to make a motion for attorney fees, litigation expenses, and costs for the time required to enforce the Court ordered settlement, <u>once the order is finally complied with</u>.

Dated: March 20, 2018

DERBY, McGUINNESS & GOLDSMITH
LAW OFFICES OF PAUL L. REIN

_____*/s/ Aaron Clefton*_____
AARON CLEFTON, Esq.
Attorneys for Plaintiff
MIKEL HARRIS