# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MIKEL HARRIS,<br>　　　　Plaintiff,<br>　v.<br>JT HOSPITALITY, INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-04392-BLF<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS PRAVIN PATEL AND NAINA PATEL**<br><br>[Re: ECF 73] |

Before the Court is a motion by Cris C. Vaughan ("Movant") to withdraw as counsel for Defendants Pravin Patel and Naina Patel (the "Patels"). Mot., ECF 73. Movant represents that "the conduct of the Patels has rendered it unreasonably difficult" for Movant to effectively represent them in this matter. *Id.* at 1. According to Movant, the Patels and Movant have not been able to agree on a course of action and the Patels have stated their intent to retain new counsel. *Id.* at 2. The Patels have been served with a copy of the instant motion. ECF 73-2. The Patels did not file an opposition. Plaintiff Mikel Harris ("Harris") does not oppose the motion but requests that Movant be subject to the condition that papers may continue to be served on Movant for forwarding purposes. Response 2, ECF 83. On May 10, 2018, the Court held a hearing on Movant's motion to withdraw as counsel.[1] Upon considering the briefing as well as Plaintiff and Movant's oral arguments, the Court rules as follows.

The decision to permit counsel to withdraw is within the discretion of the trial court. *Young v. Chapman*, No. 11-CV-01083, 2018 WL 679464, at *1 (N.D. Cal. Feb. 1, 2018) (citing

---

[1] The Court previously ordered the Patels to personally appear at the hearing. ECF 84, 85. Pravin Patel appeared late and Naina Patel was unable to personally appear due to an illness. As such, the Court finds that the Patels did not fail to comply with the order.

*United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). The Court finds that Movant has provided sufficient reasons to justify Movant's withdrawal of counsel for the Patels. The Patels and Movant have irreconcilable differences on how to advance this matter and thus Movant is unable to carry out effective representation. Vaughan Decl. ¶ 2, ECF 73-1. The Patels have stated their intent to retain new counsel. *Id.* The withdrawal will not prejudice the parties because Movant stated during the hearing that he will provide the Patels' business address and email address which Movant has been using to successfully communicate with the Patels. The Court therefore GRANTS Movant's motion to withdraw as counsel. The Court declines Plaintiff's request to impose the condition that papers may continue to be served on Movant for forwarding purposes because Movant has agreed to provide the Patels' contact information to Plaintiff.

Accordingly, IT IS HEREBY ORDERED THAT:

(1) Movant's motion to withdraw as counsel for Defendants Pravin Patel and Naina Patel is GRANTED.

(2) Movant shall provide, in writing, the Patels' business address(es) and email address(es) that Movant has been using to successfully communicate with the Patels. Movant shall provide such contact information in writing **within seven (7) days** of this order.

(3) Movant shall serve a copy of this order as well as the Court's order granting in part and denying in part Plaintiff's motion to enforce the settlement agreement and the Judgment on Defendants. Movant shall file a certificate of service.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge