UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIKEL HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JT HOSPITALITY, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-04392-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>[Re: ECF 71] |

Plaintiff Mikel Harris filed a motion to enforce the Court Enforceable Settlement Agreement ("Settlement Agreement," ECF 63) against Defendants JT Hospitality, Inc., dba Days Inn & Suites Santa Cruz, Pravin Patel and Naina Patel (the "Patels"). Mot., ECF 71. On May 10, 2018, the Court held a hearing on the instant motion. Pravin Patel appeared late and Naina Patel was unable to personally appear due to an illness.[1] Defendants' counsel stated that opposing arguments have been presented in the Patels' opposition brief and declaration.[2] Upon considering the briefing, the Court rules as follows.

In the instant motion, Harris requests that the Court order Defendants to pay $85,000 to Harris pursuant to the Settlement Agreement and sanction Defendants in the amount of $1,000 for each day that they fail to pay the settlement amount. *Id.* at 1. Previously, the Court granted the parties' request to retain jurisdiction to enforce the Settlement Agreement that was signed by Plaintiff Mikel Harris, and Defendants JT Hospitality, Inc., Pravin Patel, and Naina Patel. ECF

---

[1] The Court previously ordered the Patels to personally appear at the hearing. ECF 84, 85. Based on Pravin Patel's late appearance and Naina Patel's illness, the Court finds that the Patels did not fail to comply with the order.

[2] Defendants' counsel, Cris C. Vaughan, filed a motion to withdraw as counsel for the Patels due to irreconcilable differences. ECF 73. The Court addresses Mr. Vaughan's motion to withdraw as counsel in a separate order.

63.

Defendants Pravin Patel and Naina Patel filed an opposition. Opp'n, ECF 75. Their opposing arguments are set forth in the declaration of Pravin Patel which has been filed in support of the opposition. Patel Decl., ECF 75-1. The declaration provides that Pravin Patel and his wife, Naina Patel, operate their hotel previously known as "Days Inn and Suites Santa Cruz." *Id.* ¶ 1. The declaration further states that enforcing the parties' Settlement Agreement would be unfair because the Patels believe that the instant action was filed by Harris as retaliation for being removed from the Patels' hotel when Harris did not pay for his room. *Id.* ¶¶ 2–8.

Harris filed a reply in response to the Patels' opposition. Reply, ECF 76. As a preliminary issue, Harris objects to the declaration of Pravin Patel for being irrelevant, causing prejudice to the Court, being hearsay, and violating the parol evidence rule. *Id.* at 2–3. Harris further objects to the Patels' opposition brief as violating Civil Local Rule 7-4(a) for not containing "a statement of the issues to be decided; a succinct statement of the relevant facts; and [a]rgument by the party, citing pertinent authorities." *Id.* at 3 (alteration in original). However, Harris' objections do not provide a sufficient basis to strike the Patels' declaration or opposition for the following reasons.

First of all, the declaration is relevant because it pertains to reasons why the Patels believe that the settlement agreement should not be enforced. Also, consideration of the declaration is not prejudicial to the parties or the Court because doing so will not delay resolution of the instant motion. While Harris objects to the declaration as hearsay insofar as Pravin Patel speaks on behalf of his wife, the Court does not find that the declaration should be stricken because it is based on Pravin Patel's own experience. Harris' objection based on the parol evidence rule is misplaced because Pravin Patel does not contest the terms of the Settlement Agreement. Finally, to the extent that the Patels' opposition brief violated Civil Local Rule 7-4, the Court finds that a failure to strictly comply with Rule 7-4 does not prejudice Harris. In fact, Harris has fully responded to the Patels' opposition. *See* Reply 3–4. For these reasons, the Court OVERRULES Harris' objections.

The Court next turns to Harris' arguments why the Court should enforce the Settlement Agreement. Harris argues that the existence and terms of the Settlement Agreement as well as the

2

parties' intent are not in dispute. Reply 3. Harris further contends that there has been no mistake or fraud. *Id.* at 4. The Court agrees with Harris. While the Patels believe that enforcing the Settlement Agreement would be unfair, there is no dispute regarding the intent of the parties and the terms of the Settlement Agreement. Furthermore, the Patels have not shown that the parties signed the Settlement Agreement based on fraud or mistake. *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948) ("One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted."). The mere fact that a signatory changed his or her mind believing that the settlement is unfair does not make a settlement agreement invalid. The Court therefore finds that the Settlement Agreement is enforceable and that a judgment may be entered. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002) (affirming the district court's entry of judgment in accordance with the court's order compelling settlement) ; *Bondanelli v. Ocean Park SRL*, No. CV 12-7724, 2013 WL 12138983, at *2 (C.D. Cal. Dec. 12, 2013). As such, Harris' motion to enforce the Court Enforceable Settlement Agreement is GRANTED. The Court will separately enter a judgment against Defendants.

Harris further requests that Defendants be sanctioned and that the Court order Defendants to pay $1,000 for each day since the payment was due on February 27, 2018. Mot. 1; Reply 4. The Court declines Harris' request because Defendants have not violated any court order. While the Court issued an order retaining jurisdiction to enforce the Settlement Agreement, the agreement itself is not a court issued order. As such, Harris' request for sanctions is DENIED.

Accordingly, IT IS HEREBY ORDERED THAT:

(1) Plaintiff Harris' motion to enforce the Court Enforceable Settlement Agreement is GRANTED.

(2) Plaintiff Harris' request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge