**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MIKEL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>JT HOSPITALITY, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-04392-BLF<br><br>**ORDER GRANTING ALTERNATIVE RELIEF REQUESTED IN PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**<br><br>[Re: ECF 102] |

Before the Court is Plaintiff's Motion to Enforce Judgment ("Motion"). Motion, ECF 102. The Court heard oral argument on Plaintiff's Motion on June 20, 2019 ("the Hearing"). For the reasons below and as stated on the record at the Hearing, Plaintiff's Motion is GRANTED as to Plaintiff's alternative request to order non-party TEJ, LLC to pay the amount owed, collectively with Defendants, and to amend the judgment to add TEJ, LLC.

### I. BACKGROUND

In this Americans with Disabilities Act ("ADA") action, Plaintiff Mikel Harris and Defendants JT Hospitality, Inc., dba Days Inn & Suites Santa Cruz, Pravin Patel and Naina Patel entered into a Court Enforceable Settlement Agreement ("Settlement Agreement") on January 30, 2018. ECF 63. As part of the Settlement Agreement, Defendants agreed to pay Plaintiff and his counsel of record a total of $85,000 in damages, attorney's fees, litigation expenses, and costs, on or before February 27, 2018. *See* Settlement Agreement ¶ 14.

On March 2, 2018, Plaintiff filed a Motion to Enforce the Settlement Agreement for Failure to Pay by Defendants. ECF 71. On May 15, 2018, the Court granted Plaintiff's motion to enforce the settlement agreement, thus ordering Defendants to pay $85,000 to Plaintiff pursuant to the Settlement Agreement. *See* Order on Plaintiff's Motion to Enforce Settlement Agreement, ECF 88. Also on May 15, 2018, the Court entered Judgment in favor of Plaintiff and against Defendants consistent with the terms of the parties' Settlement Agreement. *See* Judgment, ECF 89. However, Defendants have yet to pay the amount owed Plaintiff. *See* Clefton Decl. ¶ 2,

1 ECF 102-1. On January 17, 2019, Plaintiff filed the instant Motion to Enforce Judgment, pursuant to Federal Rules of Civil Procedure 70 and 71. *See* Motion at 2, ECF 102.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 70 provides relief for judgment creditors who require court assistance to enforce a judgment involving the performance of a specific act by the judgment debtor. *See* Fed. R. Civ. P. 70. Meanwhile, Federal Rule of Civil Procedure 71 provides that "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. In other words, Rule 71 permits the Court to enforce a judgment against non-parties who are on notice. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323–24 (9th Cir. 1998) ("Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action.") (internal quotation and citation omitted).

## III. DISCUSSION

Plaintiff submits public records showing that Defendant Pravin Patel transferred ownership of the subject property located at 600 Riverside Avenue, Santa Cruz, California, from Defendant JT Hospitality, Inc. to non-party TEJ, LLC on July 28, 2017, approximately six months prior to execution of the parties' Settlement Agreement. *See* Clefton Decl. ¶ 8; Ex. 2 to Clefton Decl., ECF 102-1. The public records submitted by Plaintiff reveal that non-party TEJ, LLC is controlled by Defendant Pravin Patel. *See* Clefton Decl. ¶ 9; Ex. 3 to Clefton Decl., ECF 102-1.

Plaintiff also points out that on June 14, 2018, approximately one month after the Court entered Judgment against Defendants, JT Hospitality, Inc. filed a certificate of dissolution with the California Secretary of State, stating that "[t]he corporation never incurred any known debts or liabilities," *see* Certificate of Dissolution, Ex. 7 to Clefton Decl., ECF 102-1. Defendants Naina Patel and Pravin Patel signed this Certificate of Dissolution. *See id.* Therefore, Plaintiff argues, Defendants "perjured themselves to the State of California" because at the time of dissolution Judgment (ECF 89) had been entered against JT Hospitality, Inc. *See* Motion at 4.

Based on these circumstances, Plaintiff's Motion requests an order "disgorging TEJ, LLC,

1  of its interest in the Hotel property and vesting title with a third party to sell the hotel so that relief
2  may be effectuated," or, in the alternative, "[directing] the Defendants collectively, and [] TEJ,
3  LLC, specifically, to pay the judgment owed . . . . [and] amend[ing] the judgment to add TEJ,
4  LLC." *See* Motion at 6–7. Neither Defendants nor non-party TEJ, LLC filed an opposition to
5  Plaintiff's Motion. However, Defendant Pravin Patel appeared at the Hearing. As discussed
6  below and at the Hearing, the Court finds that Plaintiff's alternative request for relief is warranted
7  on the instant record.

First, non-party TEJ, LLC had notice of Plaintiff's Motion. Defendant Pravin Patel is listed as TEJ, LLC's agent for service of process, *see* Ex. 3 to Clefton Decl., and Plaintiff served the instant Motion on Mr. Patel, *see* Proof of Service, ECF 103. Moreover, non-party TEJ, LLC appears to be "legally identified with" Mr. Patel. *See Peterson*, 140 F.3d at 1323–24; *see also* Ex. 3 to Clefton Decl. Accordingly, TEJ, LLC had notice of Plaintiff's Motion and an opportunity to respond.

Second, the Court finds that enforcement of judgment against non-party TEJ, LLC is appropriate pursuant to Rule 71. At the Hearing, Mr. Patel represented that the subject property was owned by TEJ, LLC at the outset of this litigation and remains owned by TEJ, LLC to date. Thus, whether Mr. Patel's assertion of the ownership timeline is true, or whether the subject property was later transferred to TEJ, LLC as Plaintiff alleges, TEJ, LLC is appropriately subject to judgment against it, collectively with Defendants. Defendant Patel did not object to this conclusion and he assured the Court that he intended to comply with the Settlement Agreement.

In sum, the Court GRANTS Plaintiff's Motion in the alternative.

## IV. ORDER

For the foregoing reasons, Plaintiff's Motion is GRANTED as to Plaintiff's alternative request to order non-party TEJ, LLC to pay the amount owed under the Settlement Agreement, collectively with Defendants, and to amend the judgment to add TEJ, LLC.

**IT IS SO ORDERED.**

Dated: June 26, 2019

BETH LABSON FREEMAN
United States District Judge

3